UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN FOSTER,<br><br>        Plaintiff,<br><br>v.<br><br>E PARTNER NET,<br><br>        Defendant. | Civ. No. 16-6118 (KM/MAH)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the unopposed motion of the plaintiff, Kevin Foster, for a default judgment. For the reasons stated herein, the motion for a default judgment will be denied, and the Complaint will be dismissed without prejudice.

**DISCUSSION**

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Fed. Prac. & P. Civil 3d § 2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the

1

Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Doe*, 2013 WL 3772532, at *2. In doing so, however, I must be sensitive to the issue of whether the Complaint, as filed and served, placed the defendant on notice of a viable cause of action.

### A.   Prerequisites for Entry of Default Judgment

Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within 21-day time period provided by the Federal Rules. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985).

Plaintiff has submitted proof of service upon defendant at its business premises on November 17, 2016. (ECF no. 3) The affidavit relates that this service upon defendant's attorney, an authorized legal agent, was sufficient under Utah state law. *See* Fed. R. Civ. P. 4(h); Utah R. Civ. P. 4(d)(1)(E). Defendant had 21 days to file an answer or otherwise respond. Fed. R. Civ. P. 12(a). No answer or other responsive pleading appears on the court's docket, and the affidavit in support of the plaintiff's motion confirms that there has been no response. (ECF no. 6-1 ¶ 5)

The clerk entered default on February 8, 2017. Plaintiff served and filed his motion for default judgment on February 10, 2017. (ECF no. 6) There has been no response to the motion.

Accordingly, I am satisfied that the prerequisites to filing a motion for default judgment are met. *See Gold Kist*, 756 F.2d at 18–19.

## B. Analysis

After the prerequisites have been satisfied, a court must evaluate the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

As to the first factor, my I consider whether the claims are legally flawed or that defendant could mount a meritorious defense. *See Doe*, 2013 WL 3772532, at *5. For this purpose, I accept the allegations in the Complaint as true. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). I nevertheless must conclude that the allegations are not sufficient to state a cause of action.

Count 1, the sole count of the Complaint, relates that the defendant, E Partner Net, is a "debt collector" within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692(a)(6). It alleges that "on information and belief, on a date better known to Defendant," the defendant attempted to collect a debt allegedly owed by the plaintiff. This allegedly was a household "debt" within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(5). The defendant, on some unspecified date, reported the debt to a credit reporting agency, and it appeared on the plaintiff's credit report. On June 28, 2016, the plaintiff notified the defendant in writing that the debt was disputed. As of September 6, 2016, the credit report failed to list the debt as "disputed by consumer."

> One court has helpfully summarized the applicable law as follows:
>
> Section 1692e generally prohibits "false, deceptive, or misleading representation." Subsection 1692e(8) applies to the "communicating" of "credit information." "Communication" is defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium." § 1692a(2). Reading these provisions together, as we must, the relevance of the portion of § 1692e(8) on which [plaintiff] relies "including the

failure to communicate that a disputed debt is disputed"—is rooted in the basic fraud law principle that, if a debt collector elects to communicate "credit information" about a consumer, it must not omit a piece of information that is always material, namely, that the consumer has disputed a particular debt. This interpretation is confirmed by the relevant part of the Federal Trade Commission's December 1988 Staff Commentary on the Fair Debt Collection Practices Act:

> 1. Disputed debt. If a debt collector knows that a debt is disputed by the consumer ... and reports it to a credit bureau, he must report it as disputed.
>
> 2. Post-report dispute. When a debt collector learns of a dispute after reporting the debt to a credit bureau, the dispute need not also be reported.

*Wilhelm v. Credico, Inc.*, 519 F.3d 416, 418 (8th Cir.2008) quoting FTC Staff Commentary, 53 Fed. Reg. 50097-02, 50106 (Dec. 13, 1988) (emphasis added), followed in *Black v. Asset Acceptance, LLC*, 2005 U.S. Dist. LEXIS 43264 at * 12-13 (N.D. Ga. 2005), and *Kinel v. Sherman Acquisition II, LP*, 2006 WL 5157678 at *17 (S.D.N.Y. Feb.28, 2006); and in *Hilburn v. Encore Receivable Mgmt., Inc.*, 2007 WL 1200949 at *4 (D. Or. 2007 April 19, 2007)

*In re Benson*, 445 B.R. 445, 450 (Bankr. E.D. Pa. 2010). *Accord Jacques v. Solomon & Solomon P.C.*, 886 F. Supp. 2d 429, 434 (D. Del. 2012).

The upshot of the foregoing is that the plaintiff has a cause of action under the FDCPA only if he notified the debt collector that the debt was disputed *before* the debt collector reported the debt to the credit reporting agency. The complaint fails to allege, even on information and belief, that this is so.

The Fair Credit Reporting Act (FCRA) is the primary safeguard against a debt collector's failure to report that a debt is disputed. 15 U.S.C. § 1681s-2(b)). Following the procedures of FCRA would tend to ensure that the debt's disputed status is established timely. This complaint under the FDCPA amounts to an end run around the substantive requirements, procedures, and timetables provided for in the FCRA. For that reason, I am not inclined to

overlook the complaint's failure to allege the relevant dates, even on information and belief.

## CONCLUSION

I will therefore deny the motion for a default judgment and dismiss the complaint for failure to state a claim. It may be that the plaintiff can, in an amended complaint, remedy such deficiencies. If so, I will require that any such amended complaint be served anew, in compliance with Fed. R. Civ. P. 4(e) & (h). An appropriate order accompanies this Opinion.

Dated: April 11, 2017

_____
**KEVIN MCNULTY, U.S.D.J.**